**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. 5:12-cv-03139-TJS
Plaintiff, :
:
vs. :
:
JOHN DOES 1-22, :
:
Defendants. :
:
------------------------------------------------------------------X

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S ORDER (DE 11)

**I. INTRODUCTION**

On July 24, 2012 this Court ordered Plaintiff, upon consideration of Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and/or Sever Complaint, to file a supplemental memorandum citing each case within the Third Circuit holding contrary to the cases cited in plaintiff's memorandum.  This Court further clarified on July 31st, 2012 that Plaintiff shall refer to all BitTorrent copyright infringement cases and similar copyright infringement actions.  Having understood the Court to mean opinions in similar copyright infringement actions wherein the court either quashed a subpoena or held that joinder was improper, Plaintiff has prepared the following memorandum.[1]

---

[1] Plaintiff's memorandum was prepared after reviewing cases available on Westlaw and opinions in copyright BitTorrent infringement actions that undersigned has argued.  Plaintiff has not searched each court's docket for additional unpublished opinions.

1

## II.  CASES WITHIN THE THIRD CIRCUIT THAT HOLD CONTRARY TO PLAINTIFF'S MEMORANDUM

Three times this Court has entered opinions that hold contrary to Plaintiff's memorandum in copyright infringement BitTorrent actions.  First, on October 3, 2011 the Honorable Judge Schiller severed Does 2 – 78 in K-Beech, Inc. v. John Does 1-78, 5:11-cv-05060-BMS (E.D. Pa. Oct 3, 2011).  Judge Schiller stated that "[s]everance is warranted here because the large number of defendants could lead to dozens of motions raising unique factual and legal issues and would pose logistical difficulties at every stage of litigation."  Id.

Less than three weeks later, the Honorable Judge Kelly reached a similar conclusion, severing defendants in K-Beech, Inc., v. John Does 1-36, 2:11-cv-05058-RK (E.D. Pa. Oct. 21, 2011).  Judge Kelly held, "[w]e agree with the views expressed by these courts and find that K-Beech has not established that joinder would be proper under Rule 20(a)(2) merely because Defendants used BitTorrent to download the film."  Id. at *2.  Judge Kelly noted that courts have broad discretionary authority in resolving this issue.  Id.

Lastly, in Patrick Collins Inc. v. John Does 1-35, 2:11-cv-05172-TJS (E.D. Pa. Dec. 29, 2011), your Honor held that joinder was improper given the time period of the alleged infringement and that joinder will not promote trial convenience and expedition of the proceedings.  Further, because the Doe Defendants had produced different defenses, your Honor ruled that even if the case met the requirements of Rule 20(a) it is appropriate to sever and dismiss all but one Doe.  Id.

Recently, both Judge Schiller and Judge Kelly have issued opinions holding joinder is proper in BitTorrent copyright infringement cases.  "Upon consideration of Plaintiff's responses to the present motion, the Court is convinced that severance would be premature at this time.  Plaintiff's allegations that all Defendants were part of the same BitTorrent swarm and were

contributorily liable for each others' infringement are sufficient to establish that the claims are "logically related" and thus arise out of the same transaction or occurrence." Patrick Collins Inc. v. John Does 1-21, 2:11-cv-05173-BMS (E.D. Pa. Nov. 7, 2011) (emphasis added).  Judge Schiller has likewise, denied similar motions to quash and sever in Malibu Media v. John Does 1-15, 2:12-cv-02090-BMS, Dkt # 13, 16, 17 (E.D. Pa. June 28, 2012).

Just last month, Judge Kelly issued a lengthy opinion addressing joinder in copyright BitTorrent infringement actions.  "In the Complaint Plaintiff satisfies Rule 20(a)(2)(A) by asserting that each Defendant is jointly and severally liable for the infringing activities of each of the other Defendants."  Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 at *3 (E.D. Pa. July 30, 2012).  Judge Kelly further noted that courts are split on the issue of joinder in BitTorrent cases.  Id.  Citing Raw Films, Ltd. v. John Does 1-15, 2012 WL 1019067 at *2 (E.D. Pa. , the court determined that joinder at this stage of the litigation process was actually beneficial to the Doe Defendants and any detrimental impacts of joinder could be addressed by the court's ability to *sua sponte* sever at any time.

> With due regard to the technology at issue and our current stage in the proceeding, we find this reasoning and approach to be sensible and adopt it in this case. At this early stage of the litigation, no defendant will suffer prejudice. Rather, he or she may benefit from being able to obtain communal discovery and observe the defenses raised by the other defendants. *Id.* at 4; *see also Call of the Wild Movie, L.L.C. v. John Does 1–1062,* 770 F.Supp.2d 332, 344 (D.D.C.2011) (citing *London–Sire Records, Inc. v. Doe 1,* 542 F.Supp.2d 153, 161 (D.Mass.2008)). Finally, any future detrimental impacts imparted by our decision to maintain the joinder of defendants is blunted by our power under Rule 21 to drop any party at any time that we find to be a misjoinder. See Fed.R.Civ.P. 21. For these reasons, we find that the alleged actions of the Defendants arise from the same transaction, occurrence or series of transactions or occurrences.

Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).  Plaintiff respectfully agrees with the Honorable Judge Kelly and Honorable Judge Schiller in their recent opinions.

### III. OTHER CASES IN THE THIRD CIRCUIT HAVE HELD JOINDER IS IMPROPER IN COPYRIGHT INFRINGEMENT CASES

In June 2003 the RIAA began a nationwide campaign to sue individual online infringers in an effort to combat the widespread Internet piracy of recorded copyrighted works.  See In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, 774 (8th Cir. 2005).  Twice, courts in the Third Circuit, including this Court, held joinder was improper in the RIAA's suits.  See BMG Music v. Does 1-203, 2004 WL 953888, (E.D. Pa. April 2, 2004); Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (E.D. Pa. April 3, 2008).

While the RIAA campaign's process of identifying and proceeding against online infringers was similar to the suits filed by Plaintiff, fundamental differences are found in the areas of joinder.  The RIAA suits joined multiple plaintiffs with several claims of infringement for different copyrighted works.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (16 plaintiffs joined together to sue defendants who had downloaded different works).  The RIAA's theory of joinder was based on the principle that each of the defendants shared the same ISP and used the same peer to peer file sharing network.  In, Fonovisa, the Western District of Pennsylvania held that theory of joinder to be improper because plaintiffs did not plead joint and several liability and the defendants did not directly download from each other.  Indeed, the RIAA relied on an entirely different network of technology for its claims of infringement.

This case is factually distinguishable in that Plaintiff has pled joint and several liability. Significantly, Plaintiff pled joint and several liability because each Doe Defendant downloaded the same exact torrent file from the same exact hash.  The BitTorrent technology is fundamentally different from the Gnutella network used in Fonovisa.  The BitTorrent technology, in order to work properly, requires the users distribute and download pieces of the file to each other.  By relying on a large group of users to simultaneously share the burden of

4

uploading and downloading a file, the BitTorrent network creates an efficient distribution system for large files.  In contrast, Gnutella works through one peer to one peer transaction.

BMG Music v. Does 1-203, CIV.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) suffered from the same procedural difficulties as Fonovisa.

> John Doe 104, for example, is alleged to have infringed nine works held by five Plaintiffs. John Doe 113 is alleged to have infringed ten works owned by a different (sometimes overlapping) group of Plaintiffs, with only one copyright identical to John Doe 104 ("Guilty Conscience," by the popular rap lyricist Eminem). John Doe 199, meanwhile, is alleged to have infringed seven works, none of them the same as John Doe 58.

Id.  This Court, in Raw Films, distinguished BMG v. Does 1-203 from BitTorrent infringement cases noting is was based on "alleged violations of multiple copyrighted works rather than a single work."  Raw Films, Ltd. v. John Does 1-15, 2012 WL 1019067 at FN 2.  The Honorable Judge McLaughlin further noted that defenses raised at this stage are premature.

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case. *See, e.g., BMG Music v. Does 1–203,* No. 04–650, 2004 WL 953888, at *1 (E.D.Pa. Apr.2, 2004) (acknowledging this limitation on ISP-level subpoenas). Moreover, the Rules permit parties to obtain discovery of "the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). One moving Doe argues that the individual whose identity is revealed by the subpoena may not be the infringer because of "numerous issues, from open wireless networks being illegally invaded, IP address spoofing[, and] human and collection errors." Mot. 21. These are not grounds on which to quash a subpoena otherwise demonstrated to be proper. The moving Doe may raise these and any other nonfrivolous defenses in the course of litigating the case.

Id. at FN 3.

### IV.   OTHER CASES IN THE THIRD CIRCUIT THAT HAVE DENIED OR QUASHED A MOTION FOR LEAVE TO SUBPOENA ANONYMOUS DOE DEFENDANTS IN COPYRIGHT INFRINGEMENT ACTIONS

Only once has a court in the Third Circuit denied a plaintiff's motion to subpoena anonymous Doe defendants in BitTorrent copyright cases.  Never to Plaintiff's knowledge has a

court within this Circuit, after granting leave, thereafter quashed the subpoena to all the Doe defendants in the case.

This Court denied a motion for leave to subpoena anonymous Doe defendants when the plaintiff had failed to show a valid copyright registration for the work in question.  See Patrick Collins Inc. v. John Does 1-26, 843 F.Supp.2d 565 (E.D. Pa. 2011).  This case is factually distinguishable because Plaintiff has demonstrated a valid registration issued by the United States Copyright Office for the infringed work.  See Complaint Ex. B.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and/or Sever Complaint.

DATED this 8th day of August, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:  /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Christopher P. Fiore*