## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN DOES 1- 22** | : | **NO. 12-3139** |

## ORDER

**AND NOW**, this 28th day of August, 2012, upon consideration of the Motion to Dismiss and/or Sever Complaint Against John Doe #10 and to Vacate the Order Granting Leave to Serve Third-Party Subpoenas and to Quash Against Same (Document No. 7) and the plaintiff's response, it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. All defendants except John Doe 10 are **SEVERED** from this action[1];

---

[1] Malibu Media, LLC sues twenty-two "John Does" for direct and secondary infringement of its copyrighted motion picture *Like the First Time* (the "Work"). The defendants allegedly infringed plaintiff's copyright by downloading the Work using BitTorrent, an Internet peer-to-peer ("P2P") file sharing protocol, as part of the same "swarm" of users.

Federal Rule of Civil Procedure 20(a)(2) permits joinder of numerous defendants in a single action if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and contain common questions of law or fact. *See Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (citations omitted). Where misjoinder occurs, the court may add or drop a party. Fed. R. Civ. P. 21. District courts differ as to whether joinder is appropriate in the case of a BitTorrent swarm. *Compare*, *e.g.*, *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332 (D.D.C. 2011) (permitting joinder); *with Hard Drive Prods., Inc. v. Does 1-188*, Civ. A. No. 11-1566, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (holding joinder of swarm inappropriate).

After considering the parties' filings, we find that joinder of the various defendants is improper. First, even assuming as true the plaintiff's allegation that the Does downloaded and shared the same file and were part of the same swarm, permissive joinder is inappropriate given the nearly two-month period during which the Does allegedly downloaded the Work. *See Hard Drive Prods. v. Does 1-33*, No. C. 11-03827 LB, 2011 WL 5325530, at *3 (N.D. Cal. Nov. 3, 2011) (holding joinder of thirty-three swarm members inappropriate given a similarly disparate range of alleged infringement dates). Second, joinder in this case would not promote trial convenience and expedition of the proceedings. *See id.* at *4 (citations omitted). In spite of the similar conduct allegedly perpetrated by the defendants, there are a multitude of different defenses that may be unique to one or only a few defendants. If joinder remained under these circumstances, additional defenses are likely. *See, e.g.*, *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (describing a similar scenario where "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs

2.     The plaintiff may, within 20 days, file an individual action against each of the remaining defendants who have been severed from this action;

3.     If the plaintiff elects to proceed against any remaining defendant, it shall pay the filing fee for each action which shall be assigned a separate civil action number;

4.     All pending motions in this action are **DENIED AS MOOT**.


 /s/Timothy J. Savage
TIMOTHY J. SAVAGE,  J.

---

believe."). Therefore, even if joinder in this case did meet the requirements of Rule 20(a), it is appropriate to sever and dismiss all but one Doe. *See Hard Drive Prods. v. Does 1-188*, Civ. A. No. 11-1566, 2011 WL 3740473, at *14 (exercising discretion to sever all but one defendant under similar circumstances).